UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRANDON LEE SCROGGIN,

    Plaintiff,

v.                                           CAUSE NO. 3:20-CV-625 DRL-MGG

TIMMONS *et al.*,

    Defendants.

OPINION AND ORDER

Brandon Lee Scroggin, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983, about an alleged use of excessive force on May 9, 2020, and subsequent denial of medical care. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

According to the complaint, on May 9, 2020, Officer Timmons was serving the inmates lunch in their cells. ECF 1 at ¶ 6. Mr. Scroggin leaned towards the open cuff-port door to talk to him, but he lost his balance and grabbed the cuff-port door. *Id.* Without warning, Officer Timmons started slamming Mr. Scroggin's hand repeatedly with the cuff-port door. *Id.* When Mr. Scroggin got his hand free, it was bleeding and hurting

badly. *Id.* at ¶ 7. Mr. Scroggin told Officer Timmons that he was in pain and needed a nurse, but the officer just left, cursing at Mr. Scroggin. *Id.*

A few hours later, Officer Evans came to serve meals, and she also refused to get Mr. Scroggin a nurse. ECF 1 at ¶ 8. So, Mr. Scroggin took the cuff port "hostage" to get a signal called. *Id.* Several officers responded: Lieutenant Lester Jones, Sergeant Makendra Jones, Sergeant Smeigle, and Officer Rodriguez. *Id.* After being threatened with a TASER device, Mr. Scroggin relinquished the cuff port and asked for medical attention. *Id.* Those officers also refused him medical aid. *Id.* At this point, his hand had swelled to the size of a boxing glove. *Id.* at ¶ 15.

Mr. Scroggin states a claim against Officer Timmons for excessive force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). The complaint plausibly alleges Officer Timmons used excessive force in violation of the Eighth Amendment.

Mr. Scroggin states a claim against the several officers who denied him medical aid. Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner

must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Mr. Scroggin has plausibly alleged a serious medical need based on the pain and swelling in his hand. Because Officers Timmons allegedly caused the injury, he would have subjective knowledge of the serious medical need. It is a closer question whether the other officers could also be charged with such knowledge. "Guards . . . must discriminate between serious risks of harm and feigned or imagined ones, which is not an easy task given the brief time and scant information available to make each of the many decisions that fill every day's work." *Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004). However, the allegation that Mr. Scroggin's hand had swelled to the size of a boxing glove is sufficient to put the guards on notice that Mr. Scroggin needed faster medical attention than he would receive by submitting a healthcare request.

Though Mr. Scroggin also alleges a First Amendment retaliation claim, the complaint does not plausibly allege such a claim. A complaint must contain sufficient

factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations, and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

"To state a First Amendment claim for retaliation, a plaintiff must allege that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015) (quotation marks omitted). "A complaint states a claim for retaliation when it sets forth a chronology of events from which retaliation may plausibly be inferred." *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (quotation marks omitted)

4

According to Mr. Scroggin, when the signal team denied him medical care, "[t]hey said we ain't getting you shit. That will teach you for filing grievances and hunger strikes and tell D.I.I. investigators on us. And laughed." ECF 1 ¶ 8. He does not say which person in particular said that, nor does he explain which grievances or complaints he filed, how they were connected to the members of the signal team, or the timing of all this. Moreover, Mr. Scroggin alleges *all* of the defendants acted in retaliation: Officer Timmons (who was not part of the signal team), Sergeant Smeigle, Lieutenant Jones, Sergeant Jones, Officer Rodriguez, Officer Evans, and the Warden. Here, the allegations are too broad to infer reasonably that all of the defendants were acting in retaliation. When a prisoner's grievance is not against a particular defendant, facts must be pleaded that provide some link between the protected activity and the adverse action in order to state a retaliation claim. Furthermore, it is unclear what a First Amendment retaliation claim would add here. If Mr. Scroggin were subjected to excessive force and denied medical care, defendants would be liable whether or not they were motivated by retaliation. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (declining to allow additional constitutional claims based on same facts because existing claim "gains nothing by attracting additional constitutional labels").

Mr. Scroggin also sues Warden Galipeau, alleging that he told him in person that staff was going to retaliate against him and, here, staff's actions were motived by retaliation. Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). To state a claim for failure to protect, a plaintiff must establish the defendant "had

5

actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (citation omitted). Vague references to a fear of retaliation are not specific enough to hold the warden liable for failing to protect him from this particular use of force or denial of medical care.

For these reasons, the court:

(1) GRANTS Brandon Lee Scroggin leave to proceed against Officer Timmons in his individual capacity for compensatory and punitive damages for using excessive force by slamming Mr. Scroggin's hand in the cuff port on May 9, 2020, in violation of the Eighth Amendment;

(2) GRANTS Brandon Lee Scroggin leave to proceed against Officer Timmons, Sergeant Smeigle, Sergeant Makendra Jones, Lieutenant Lester Jones, Officer Rodriguez, and Officer Evans in their individual capacities for compensatory and punitive damages for deliberate indifference to his serious medical needs concerning his May 9, 2020, hand injury in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Warden Galipeau;

(5) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Officer Timmons, Sergeant Smeigle, Sergeant Makendra Jones, Lieutenant Lester Jones, Officer Rodriguez, and Officer Evans at the Indiana Department of Correction and to send them a copy of this order and the complaint (ECF 1) pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the Indiana Department of Correction to provide the United States Marshals Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service, if it has such information; and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer Timmons, Sergeant Smeigle, Sergeant Makendra Jones, Lieutenant Lester Jones, Officer Rodriguez, and Officer Evans to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

March 29, 2021                                  *s/ Damon R. Leichty*
                                                Judge, United States District Court