UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRANDON LEE SCROGGIN,

Plaintiff,

v.                                                          CAUSE NO. 3:20-CV-625 DRL-MGG

TIMMONS *et al.*,

Defendants.

<u>OPINION AND ORDER</u>

Brandon Lee Scroggin, a prisoner without a lawyer, is proceeding in this case on one claim "against Officer Timmons in his individual capacity for compensatory and punitive damages for using excessive force by slamming Mr. Scroggin's hand in the cuff port on May 9, 2020," and on one claim "against Officer Timmons, Sergeant Smeigle, Sergeant Makendra Jones, Lieutenant Lester Jones, Officer Rodriguez, and Officer Evans in their individual capacities for compensatory and punitive damages for deliberate indifference to his serious medical needs concerning his May 9, 2020, hand injury[.]" ECF 9 at 6. On August 9, 2021, the defendants filed a summary judgment motion, arguing Mr. Scroggin did not exhaust his administrative remedies before filing suit. ECF 27. With the motion, the defendants provided Mr. Scroggin the notice required by N.D. Ind. L.R. 56-1(f). ECF 29. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b)(1), "[a] party opposing [a summary judgment] motion must, within 28 days after the movant serves the motion, file and serve (A) a response brief; and (B) any materials that the party contends raise a genuine dispute." The court extended Mr. Scroggin's deadline to respond to the defendants' summary judgment motion until October 22, 2021. ECF 31. This deadline passed almost three months ago, but Mr. Scroggin has not responded. Therefore the court will now rule on the defendants' motion for summary judgment.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on

2

the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

The defendants provide an affidavit from John Harvil, the Grievance Specialist at Westville Correctional Facility (WCF), who attests to the following:[1] to complete the grievance process at WCF, an inmate must submit (1) a formal attempt to solve the problem or concern after unsuccessful attempts at informal resolution; (2) a written appeal to the Warden/designee; and (3) a written appeal to the Department Grievance Manager. ECF 27-1 at 3. The grievance process also allows an inmate to submit an Emergency Grievance, which is to be brought to the Warden/designee for review and response within one business day. *Id.* at 5-6. The action on any Emergency Grievance may be appealed by the offender within one business day of receiving the response. *Id.* at 6.

Around July 20, 2020, Mr. Harvil received a "Request for Interview" slip from Mr. Scroggin with an attached "Emergency Grievance" complaining of the alleged staff misconduct on May 9, 2020. *Id.* at 7. Mr. Scroggin requested as relief that an investigation

---

[1] Because Mr. Scroggin has not responded to the defendants' summary judgment motion, the court accepts Mr. Harvil's attestations as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

be conducted into the alleged incident, Officer Timmons be fired, and staff be trained on a number of matters. *Id.* Mr. Harvil informed Mr. Scroggin the Emergency Grievance had been forwarded to Internal Investigations for them to investigate his allegations. *Id.* On July 30, 2020, after an investigation was completed, Mr. Harvil returned Mr. Scroggin's Emergency Grievance as "unfounded and frivolous." *Id.* at 8. Mr. Scroggin did not appeal that grievance response or submit any other grievances in compliance with the grievance policy. *Id.* Mr. Harvil states he was unable to locate any records showing Mr. Scroggin exhausted his administrative remedies regarding his claims in this lawsuit. *Id.*

Because it is undisputed Mr. Scroggin did not complete the grievance process prior to filing this lawsuit and Mr. Scroggin has provided no argument or evidence the grievance process was unavailable to him, Mr. Scroggin did not exhaust his administrative remedies before he filed this lawsuit. *See Pozo*, 286 F.3d at 1023 ("unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred"). Summary judgment is thus warranted in favor of the defendants.

For these reasons, the court:

(1) GRANTS the summary judgment motion (ECF 27); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Brandon Lee Scroggin.

SO ORDERED.

January 14, 2022                              *s/ Damon R. Leichty*
                                             Judge, United States District Court